# United States District Court
# for the Southern District of Georgia
# Brunswick Division

UNITED STATES OF AMERICA,

v.

ROBERT IRA ANDERSON,

    Defendant.

CR 217-020-2

## ORDER

Before the Court is Defendant Robert Anderson's motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A), as amended by the First Step Act. Dkt. Nos. 425, 429. For the reasons below, Anderson's motion is **DENIED**.

### BACKGROUND

On September 21, 2018, Anderson was sentenced to a total term of 120 months' imprisonment after pleading guilty to one count of maintaining a drug-involved premises, in violation of 21 U.S.C. §§ 856(a)(1), (b), and possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Dkt. No. 364. Anderson directly appealed, arguing that the Court erred in calculating his guideline range and that counsel provided ineffective assistance at sentencing. Dkt. No. 367. The Court of Appeals affirmed Anderson's sentence on May 22, 2020. Dkt. No. 420. Anderson then filed the instant motion for compassionate release.

According to the Bureau of Prisons ("BOP") website, Anderson is being housed at FCI Estill in Estill, South Carolina, and has a release date of December 11, 2025.

**LEGAL AUTHORITY**

Compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018. That statute reads, in pertinent part:

> (c) Modification of an imposed term of imprisonment.—
> The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

In application note 1 to the policy statement, § 1B1.13, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. See United States v. Wilkes, 464 F.3d 1240, 1245 (11th Cir. 2006) ("Commentary and Application Notes of the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the Guidelines." (internal quotation marks omitted)). The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—

3

>   (I) suffering from a serious physical or medical condition,
>
>   (II) suffering from a serious functional or cognitive impairment, or
>
>   (III) experiencing deteriorating physical or mental health because of the aging process,
>
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
>   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

>   (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Even if a defendant can show extraordinary and compelling reasons for compassionate release, the Court may not grant release unless it finds:

> The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> The reduction is consistent with this policy statement.

Policy Statement, U.S.S.G. § 1B1.13(2)-(3).

Finally, before granting release, the Court must consider the factors listed in 18 § U.S.C. 3553(a):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care,

5

or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

(5) any pertinent policy statement--

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

## DISCUSSION

Anderson moves the Court for compassionate release pursuant to 18 U.S.C. § 3582(c). Dkt. No. 425.

### I. Exhaustion of Administrative Remedies

Generally, before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all

6

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). In his motion to the Court, Anderson avers that he has exhausted his administrative remedies by submitting a compassionate release request to the BOP on March 31, 2020 and April 11, 2020. Dkt. No. 425-1 at 15. Although he does not attach any documents in support of his contentions, the Government confirmed with the BOP that it had received a compassionate release request from Anderson's former attorney and that it is currently working to respond to that request. Dkt. No. 426 at 5 n.3. The Government thus concedes that Anderson has exhausted his administrative remedies. Id.

## II. Extraordinary and Compelling Reasons

A defendant has the burden to show circumstances meeting the test for compassionate release. United States v. Willingham, No. CR 113-010-1, 2020 WL 2843223, at *2 (S.D. Ga. June 1, 2020); see generally, United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013); United States v. Saldana, 807 F. App'x 816, 820 (10th Cir. 2020) ("[O]ur cases require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction."). In his motion before the Court, Anderson cites medical conditions, including asthma, COPD, hypertension,

hyperlipidemia, and prostate disease, as the bases for his compassionate release. Dkt. No. 425-1 at 19.

Attached to the Government's response in opposition to Anderson's motion are his medical records. Dkt. Nos. 426-2. Those records confirm Anderson's history of those conditions, with the exception of hypertension. The Government notes that COPD is recognized by the CDC as a condition placing a person at increased risk of severe illness from COVID-19. Dkt. No. 426 at 12. The Government also notes, however, that Anderson's COPD appeared to be under control, chest x-rays from January 2020 showed a stable and normal chest examination with normal and clear lungs, and his pulmonary and cardiovascular systems were within normal limits. Id. at 13. Additionally, Anderson does not appear to have any work restrictions. Id. Ultimately, the Government concedes that, in light of COVID-19, Anderson's COPD qualifies as an "extraordinary and compelling reason," such that it presents "a serious physical or medical condition . . . that substantially diminishes [his ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." Id. at 13; U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I)). However, the Government challenges Anderson's assertion that the BOP is not taking adequate measures to prevent the spread of COVID-19, as well as

Anderson's contention that he would be better off at home rather than in BOP custody.

According to the BOP website as of July 23, 2020, there were confirmed active cases of COVID-19 among nine staff members and zero inmates. <u>See</u> bop.gov/coronavirus/. The Court has reviewed Anderson's motion, the Government's response, and Anderson's medical records. Whether Anderson has met his burden of showing "extraordinary and compelling reasons" for compassionate release is a close call in light of COVID-19. As such, the Court will assume, without deciding, that Anderson's ability to provide self-care against serious injury or death as a result of COVID-19 is substantially diminished by his chronic medical condition and sets forth an extraordinary and compelling reason for purposes of 18 U.S.C. § 3582(c).

**III. Title 18 U.S.C. §§ 3142(g) and 3553 Factors**

Assuming that Anderson has shown an extraordinary and compelling reason for compassionate release, the Court must now examine the factors set forth in 18 U.S.C. §§ 3142(g) and 3553(a). With regard to the § 3142(g) analysis, the Court must determine whether Anderson is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g) . . . ." U.S.S.G. § 1B1.13(2). This includes considering Anderson's character, physical and mental condition; his past conduct; his criminal history; and whether, at the time

9

of the offense, he was on probation or parole. See 18 U.S.C. § 3142(g)(3). The Court must also consider "the nature and seriousness of the danger to any person or the community that would be posed by [Anderson's] release." Id. § 3142(g)(4). Before release can be granted, the Court must also continue to evaluate the factors under § 3553(a), "which include the history and characteristics of the defendant, the nature and circumstances of the offense, the seriousness of the offense, the promotion of respect for the law, just punishment for the offense, . . . deterrence to criminal conduct, and protection of the public from further crimes by the defendant." United States v. Schmidt, 930 F.3d 858, 862 (7th Cir. 2019) (quotation marks omitted).

The Government argues that Anderson has not met his burden to show that he qualifies for release under § 3582(c)(1) and urges the Court to use its discretion to deny Anderson's motion. Dkt. No. 426 at 15. In support of its opposition, the Government points out Anderson's criminal history, as well as his favorable imprisonment term and the length of time left on his sentence.

According to Anderson's presentence investigation report ("PSR"), his wife, Susan Anderson, distributed methamphetamine from their shared residence in Hortense. Anderson knew that his wife used the residence to distribute methamphetamine, and he

10

assisted her by driving her to purchase methamphetamine and by constructing hidden compartments in the residence in which methamphetamine and cash were stored. In addition, multiple firearms were found during a law-enforcement search of the Andersons' residence, including the revolver he admitted to possessing in furtherance of the § 856(a)(1) offense. The record shows that Anderson "participat[ed] in the underlying controlled substance offense" beyond simply "allowing use of the premises." See U.S.S.G. § 2D1.8(a)(1).

In calculating Anderson's guideline range, the PSR recommended a base offense level of 31 under U.S.S.G. § 2D1.8. Ultimately, the Court granted Anderson a three-level reduction for acceptance of responsibility and calculated a total offense level of 28 and a criminal history category of II. This established a guideline imprisonment range of 87 to 108 months, plus a consecutive term of 60 months for the § 924(c) offense. After granting the government's motion for a sentence reduction under U.S.S.G. § 5K1.1, the district court imposed a total term of 120 months of imprisonment, consisting of a 60-month term as to the § 856(a)(1) offense and a consecutive 60-month term as to the § 924(c) offense. The court advised that, regardless of the resolution of guideline-application issues, it "would have pronounced the exact same sentence based on simply the 3553 factors," including the nature of the offense and the offender.

11

Anderson's current sentence is the result of considerable benefits he has already received.

Again, it is Anderson's burden to prove he qualifies for compassionate release. <u>Willingham</u>, 2020 WL 2843223, at *2. Though he might have shown that his medical conditions qualify as "extraordinary and compelling reasons," he has not shown the Court that the § 3142(g) and the § 3553 factors support his release. While he is sixty-nine years old, he wasn't much younger, i.e. sixty-six years old, when he was arrested to answer the Indictment filed in this case. Moreover, his being a "minimum risk inmate," dkt. no. 429-1 at 2, does not dissolve the seriousness of his offense which included possession of a firearm. He has served roughly one-third of his imprisonment sentence, which was already a below-guideline sentence. To grant Anderson compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses. Accordingly, the Court uses its discretion to **DENY** Anderson's release.

## CONCLUSION

For all of these reasons, Anderson's motion for compassionate release, dkt. no. 425, is **DENIED**.

SO ORDERED, this __23__ day of July, 2020.

                                        HON. LISA GODBEY WOOD, JUDGE
                                        UNITED STATES DISTRICT COURT
                                        SOUTHERN DISTRICT OF GEORGIA